# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

BENJAMIN SETH RAMEY,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　:　NO. 5:16-cv-00561-MTT-MSH
　　　　VS.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
Commissioner HOMER BRYSON,　　　 :
*et al.*,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　:
_____

## ORDER AND RECOMMENDATION

Benjamin Seth Ramey filed the instant *pro se* complaint under 42 U.S.C. § 1983. He prepaid the $400 filing fee, and the case is currently before this Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).

**I.　Preliminary Review of Plaintiff's Complaint**

　　A.　Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Only section 1915A(a) applies in this case, but the standard of review is the same under both. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (Section 1915A "does not distinguish between in forma pauperis plaintiffs and plaintiffs who pay the filing fee[,]" thus review is appropriate for both).

1

When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. The court shall therefore dismiss a complaint (or any part thereof) prior to service, if the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted—i.e., plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b).

To state a viable claim, the complaint must include "enough factual matter" to not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," but also to create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims are frivolous if "clearly baseless" or the "legal theories are indisputably meritless").

B.  Plaintiff's Claims

The present action arises out of Plaintiff's confinement in Tier II: Administrative Segregation at Hancock State Prison. Plaintiff was transferred from Wilcox State Prison to Washington State Prison to Hancock State Prison within a twenty-four period. Plaintiff avers that the day before he was transferred from Wilcox State Prison, a cell phone was found within his cell, in his cell-mate's belongings. When Plaintiff arrived at Washington State Prison twenty-four hours later, he had no disciplinary reports related to the search. Compl. 18, ECF No. 1. Plaintiff was nevertheless interviewed by Georgia Department of Corrections ("GDC") investigators and placed in Tier II administrative segregation upon his arrival at Hancock State Prison. *Id*. at 20. Plaintiff appealed the decision, but did not receive a response.

Plaintiff states that Tier II is a "longterm lockdown unit" with a minimum nine month stay and no maximum term. *Id*. at 27. Plaintiff alleges that it is the practice at Hancock State Prison to house inmates in Tier II indefinitely based on "vague claims" and standards designed to "apply . . . to practically anyone they wish to." *Id*. at 30. Confinement in Tier II is also governed by an alternative grievance process, which, according to Plaintiff, offers less substantive review than inmates in Tier I receive. Plaintiff asserts he was not given a formal hearing or allowed to call witnesses to contest his initial placement in Tier II, and there is no meaningful process to appeal the decision. *Id*. at 32.

Plaintiff complains that conditions in Tier II "are very restrictive and do not allow inmates hardly anything that inmates in tier one and in general population have." *Id*. at

33. Plaintiff specifically identifies the following environmental restrictions relative to those experienced by prisoners in general population: reduced visitation, reduced recreation, restricted commissary, long-term lockdown, no books, and extended periods of 24-hour lockdown broken only by three weekly showers and "maybe recreation twice a week." *Id*. at 36.

### i. Due Process Claim

Plaintiff complains that his confinement in Tier II and the conditions he experiences therein violate his due process rights under the Fourteenth Amendment. The Fourteenth Amendment's Due Process Clause protects against deprivation of life, liberty, or property, therefore, "those who seek to invoke its procedural protection must establish one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the context of the conditions of confinement an inmate experiences, it is recognized that disciplinary confinement in a restrictive environment does not implicate an interest created by the Due Process Clause itself. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Nevertheless, "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Id*. at 483 (citing *Board of Pardons v. Allen*, 482 U.S. 369 (1987)).

The Eleventh Circuit has recognized two scenarios in which a prisoner has a liberty interest protected by due process: (1) when the conditions of confinement are "so severe that [they] essentially exceeds the sentence imposed by the court" and (2) "where the state has consistently provided a benefit to a prisoner and deprivation of that benefit imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of

4

prison life.'" *Woodson v. Whitehead*, -- F. App'x --, 2016 WL 7367780, at *2 (11th Cir. 2016). The "touchstone" of whether inmates have a state-created liberty interest in avoiding restrictive conditions of confinement is "the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkinson*, 545 U.S. at 223 (quoting *Sandin*, 515 U.S. at 484).

Where a liberty interest does exist, an inmate is entitled to procedural protection, which, at a minimum, includes the right to be heard and notified. *Wilkinson,* 545 U.S. at 226 (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). These processes reduce the risk of erroneous placement, and ensure that the decision is based on "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "[T]he review must be meaningful; it cannot be a sham or a pretext." *Toevs v. Reid*, 685 F.3d 903, 912 (10th Cir. 2012) (citing *Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983)).

At this early stage, the undersigned does not find that Plaintiff's due process claims are frivolous. Plaintiff alleges that he has been deprived of numerous privileges enjoyed by other inmates—including inmates in Tier I administrative segregation—and that the processes attendant to his placement in Tier II are perfunctory and not meaningful. Normally, placement in administrative segregation is not "atypical" under *Sandin* and is itself part of the ordinary incidents of prison life. The form of solitary confinement discussed in *Sandin*, however, is punitive segregation for a "predetermined and fixed" time period. *Williams v. Sec'y Pa. Dep't of Corr.*, 848 F. 3d 549, 562 (3d Cir. 2017); *see also Wilkinson*, 545 U.S. at 224 ("Unlike the 30-day placement in *Sandin*, placement at OSP is indefinite. . . "). Here, Plaintiff alleges that his placement in Tier II is neither

5

predetermined nor fixed; he was placed there without the opportunity to call witnesses, participate in a hearing, or otherwise contest the decision; and he will remain there regardless of his past, present, or future behavior. *See, e.g., Al-Amin v. Donald*, 165 F. App'x 733, 739 (11th Cir. 2006) ("The [Supreme] Court has [] cautioned [] that 'administrative segregation may not be used as a pretext for indefinite confinement.'") (citations omitted); *Allen v. Sec'y Fla. Dep't of Corr.*, 578 F. App'x 836, 839 (11th Cir. 2014) ("When a prisoner's due process rights are triggered, he is entitled to, among other things, an opportunity to call witnesses and present documentary evidence at a disciplinary hearing.") (citation omitted). Thus, while many of the conditions described by Plaintiff are typical of close security confinement and he has only been confined there for 64 days, the undersigned cannot conclude that his claim is frivolous. Plaintiff's due process claim may proceed beyond the frivolity review stage for further factual development. *See, e.g., Meriwether v. Faulkner*, 821 F.2d 408, 417 (7th Cir. 1987) (dismissal of Eighth Amendment claims by an inmate facing prolonged, indefinite confinement in segregation "without ascertaining the actual conditions of [the inmate's] confinement and the existence of any feasible alternatives" was premature).

        *ii.    John Doe Investigator*

Plaintiff, however, cannot proceed at this time against "John Doe investigator." Plaintiff appears to have included John Doe investigator as a defendant because the investigator was present when the cell phone was found in Plaintiff's cell at Wilcox State Prison. Plaintiff alleges that GDC Investigation recommended that Plaintiff be placed in Tier II. Compl. 20, ECF No. 1. Plaintiff, however, has not alleged any facts connecting

John Doe Investigator to GDC Investigation's recommendation, or otherwise alleged that John Doe Investigator had a role in the investigation beyond being present when the cell phone was found. The connection between John Doe Investigator and Plaintiff's placement in Tier II is too ill-defined, vague, and speculative to bridge the gap to plausibility. The undersigned does not find that Plaintiff has stated a claim against John Doe Investigator.[1]

       iii.    *Tier II Classification Committee*

Included in Plaintiff's list of defendants is "Defendant, John Doe/Jane Doe, Tier 2 classification of Hancock State Prison." Liberally construed, Plaintiff seeks to name the individual members of the "classification committee" responsible under IIB09-0003 for assigning inmates to the Tier II program and periodically reviewing their eligibility for transfer. Fictitious party pleading is generally not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir.2010) (per curiam). Nevertheless, "[i]t is important to distinguish suing fictitious parities from real parties sued under fictitious names. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). A Plaintiff may also be able to describe an individual without stating his name or proceed against a fictitious party when it is clear that discovery would uncover the defendant's identity. *Id.* (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564 (6th Cir. 2010) (plaintiff could

---

[1]     Also, as explained at Section iii, *infra*, fictitious party pleading is generally not permitted in the Eleventh Circuit.

have proceeded against placeholder doe defendant "until discovery or other information reveals the identity" of those on the review committee).

Based on the allegations in the complaint, the undersigned cannot conclude that Plaintiff will be unable to discover the identities of those on the "tier two classification committee" at Hancock State Prison. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 n. 5 (1st Cir. 2007) (fictitious pleading is common in cases involving law enforcement, "where a plaintiff may be aware of the nature and cause of injury but not the identity of the perpetrators, and has no realistic means of obtaining he information outside the discovery process") (citations omitted). Indeed, at this early stage, it is likely that the identities of the Tier II classification committee members will be revealed by discovery. Plaintiff also alleges that he has spoken with the Tier II classification committee "on various occasions." Compl. 4. It would be premature to dismiss Defendant "tier two classification committee" at this time. Plaintiff may discover and amend his complaint to identify the member defendants of the "Hancock State Prison tier two classification committee" as the case proceeds.

## II.   Conclusion

Based on the forgoing, the undersigned finds that Plaintiff's due process claims against Defendants **Otis Stanton**, **Warden Toby**, **Homer Bryson**, **Warden Caldwell**, and the members of the **Hancock State Prison Tier II Classification Committee** must **proceed for further factual development**. It is, however, **RECOMMENDED** that Plaintiff's claims against John Doe Investigator be **DISMISSED without prejudice**.

8

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal any order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE[2]

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants[3] identified above, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the

---

[2] Liberally construed, Plaintiff requests service pursuant to Rule 4(c) of the Federal Rules of Civil Procedure.
[3] Service will be made on the "Hancock State Prison tier two classification committee" if and when Plaintiff provides the identities of individual members.

9

Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has

been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of

the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 27th day of April, 2017.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE